Filed 5/10/22  P. v. Acosta CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

     Plaintiff and Respondent,

v.

CARLOS ACOSTA,

     Defendant and Appellant.

E078010

(Super.Ct.No. BAF2000488)

OPINION

APPEAL from the Superior Court of Riverside County.  Timothy J. Hollenhorst, Judge.  Affirmed.

Jill Kent, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Carlos Acosta appeals from a judgment after pleading guilty to two counts and admitting two priors.  For the reasons forth *post*, we affirm the judgment.

1

# STATEMENT OF THE CASE

On June 24, 2020, an information charged defendant with attempted robbery under Penal Code sections 664 and 211, a felony (count 1); driving or taking the vehicle of another, to wit, a 1988 Lincoln Towncar, under Vehicle Code section 10851, subdivision (a), a felony (count 2); receiving stolen property under Penal Code section 496d, subdivision (a), a felony (count 3); and misdemeanor theft (count 4). The information also alleged that that defendant was ineligible for probation under California Rules of Court, rule 4.413. The information further alleged that defendant had two serious priors under Penal Code sections 667, subdivisions (c), and (e)(2)(A), and 1170.12, subd. (c)(2)(A).[1]

On June 16, 2020, defendant requested to represent himself, and the court granted defendant's request. On June 30, 2020, defendant made an oral motion to dismiss his case; the court denied his motion. Thereafter, on July 21, 2020, defendant filed a written motion to set aside the information under Penal Code section 995. After a hearing on the motion, the court denied defendant's motion. Pursuant to a request from defendant on October 9, 2020, that counsel be appointed, the trial court appointed defendant a public defender.

On September 16, 2021, defendant pled guilty to counts 1 and 2, and admitted the two priors in exchange for a sentence of 10 years four months. Pursuant to the plea agreement, the court sentenced defendant as follows: The middle term of two years,

---

[1] The initial felony complaint was filed on May 5, 2020. That complaint charged defendant with only two counts.

doubled, for the attempted robbery (four years), one-third the middle term for the vehicle offense (16 months), and five years for the serious felony. Moreover, the court imposed restitution and revocation fines under Penal Code sections 1202.4, subdivision (b), and 1202.45, subdivision (c), with the latter suspended. The court then imposed and struck all other fines and fees based on defendant's inability to pay. Furthermore, the court awarded credits of 505 actual days and 504 conduct days, for a total of 1,009 days.

On November 2, 2021, defendant filed a timely notice of appeal stating that the "appeal is based on the sentence or other matters occurring after the plea that do not affect the validity of the plea." Defendant did not request a certificate of probable cause.

## STATEMENT OF FACTS

In the plea form, defendant admitted: "I agree that I did the things that are stated in the charges that I am admitting."

## DISCUSSION

After defendant appealed, and upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 setting forth a statement of the case, a summary of the facts, and potential arguable issues, and has requested this court to undertake a review of the entire record. Pursuant to *Anders*, counsel identified the following issue to assist the court in its search of the record for error:

(1) "Did prejudicial error result from the court's order that good cause existed to continue the preliminary hearing? (CT 26; Bullock v. Superior Court (2020) 51 Cal.App.5th 134; § 871.6.)"

3

We offered defendant an opportunity to file a personal supplemental brief, and he has not done so.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error. We are satisfied that defendant's attorney has fully complied with the responsibilities of counsel and no arguable issue exists. (*Id.* at p. 126; *Wende*, *supra*, 25 Cal.3d at pp. 441-442.)

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER _____
                                                                              J.

We concur:

McKINSTER _____
                    Acting P. J.

FIELDS _____
                              J.

4